**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1740-24

ADAM TOOMBS,

    Plaintiff-Appellant,

v.

SOLAIRUS AVIATION, LLC,
and SUNSET AVIATION, LLC,

    Defendants-Respondents,

and

DAVID DAVENPORT, JONATHAN
MCBRIDE and VALERIE DEITRICK,

    Defendants.

_____

Submitted December 17, 2025 – Decided June 8, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1088-22.

Song Law Firm, attorneys for appellant (Howard Z. Myerowitz, on the briefs).

Obermayer Rebmann Maxwell & Hippel, LLP, attorneys for respondents (Ivo Becica, on the brief).

PER CURIAM

Plaintiff appeals the trial court's order denying an adjournment for plaintiff to submit an amended opposition to defendants' motion for summary judgment. After the court denied plaintiff's request, the court then heard argument on defendants' summary judgment motion and granted it, dismissing plaintiff's CEPA claim. On appeal, plaintiff only challenges the trial court's denial of the two-week adjournment request. We affirm for the reasons which follow.

I.

Adam Toombs, plaintiff, sued defendants[1], alleging he was wrongfully terminated from his employment. Plaintiff worked as a commercial pilot, flying private passenger planes for defendants. He alleged in his complaint that defendants violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -16 (CEPA), and wrongfully discharged him under Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980). Discovery closed on December

---

[1] David Davenport, Jonathan McBride and Valerie Deitrick, the individual defendants, were voluntarily dismissed by plaintiff on February 10, 2023. The references in this opinion to defendants are to Solairus Aviation, LLC and Sunset Aviation, LLC, only.

2

1, 2024, more than two years after plaintiff filed his complaint, and defendants moved for summary judgment, with an initial return date of January 3, 2025.

Plaintiff requested a two-week adjournment, and the court granted it, moving the return date of the motion to January 17. Plaintiff's counsel uploaded opposition to defendants' statement of undisputed material facts on January 8, then uploaded opposing papers again the next day, January 9, to correct errors in the first submission. However, plaintiff failed to attach the proper document and uploaded the incorrect January 8 papers yet again. Defendant filed a timely reply to plaintiff's opposition on January 14. Upon reviewing defendants' reply, plaintiff's counsel realized that he had twice submitted the wrong response to defendants' undisputed statement of material facts. Counsel contacted the court seeking an additional two-week adjournment to file the corrected opposition. The court denied the request and proceeded with summary judgment argument the next day, January 15.

On January 17, the trial court decided the motion on the merits, using the moving and opposing papers filed by the parties, including the opposition plaintiff contended was erroneously filed. The court made findings concerning the procedural aspects of summary judgment, including that: plaintiff's corrected opposition admitted 134 of defendant's alleged 233 undisputed facts;

3

of the remaining ninety-nine facts alleged by defendants as undisputed, the court deemed ninety-six admitted under Rule 4:46-2(b); and plaintiff's opposition failed to include certifications or other documents to support his denials. The court then made substantive findings, including: defendants' non-retaliatory reasons for termination were legitimate and undisputed; there were no facts showing a causal connection between the whistleblowing and plaintiff's termination; and plaintiff's termination resulted from interoffice personal reasons and safety issues. The court also determined that plaintiff's common law claim for wrongful termination was barred by N.J.S.A. 34:19-8, citing Battaglia v. United Parcel Service, Inc., 214 N.J. 518 (2013).

On February 19, the trial court amplified its reasons in support of its order, citing its broad discretion in managing its calendar. The court noted that it had granted plaintiff's first adjournment request, before denying the second for calendar management purposes. The court found plaintiff had ample opportunity to respond to the summary judgment motion and concluded that counsel's carelessness or staff error in the law office were insufficient reasons to support an additional adjournment of the summary judgment motion.

Plaintiff appeals, contending that the trial court's denial of a second two-week adjournment request was an abuse of discretion, and reversible error.

A-1740-24

## II.

The decision whether to adjourn a motion is one left to the sound discretion of the court. Kornbleuth v. Westover, 241 N.J. 289, 300-301 (2020). Our review is limited to determining whether the trial court abused its discretion in denying the request. Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233 (App. Div. 2020). An abuse of discretion arises when a decision is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Kornbleuth, 241 N.J. at 300-01 (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

## III.

Our review of the record reveals no abuse of discretion by the trial court in denying plaintiff's second request for adjournment of defendants' summary judgment motion. Plaintiff received a two-week adjournment from the court and filed opposition not once, but twice. After reviewing defendants' reply to his opposition, plaintiff's counsel sought an additional adjournment and a chance to amend his opposition to summary judgment, citing clerical inadvertence and error in his office. The trial court heard argument and thoroughly considered the opposition filed by plaintiff on the merits. The trial court then placed its

5

reasons on the record for denying the adjournment request and granting summary judgment to defendants in a cogent written statement supporting its order, followed by a supplemental statement shortly thereafter.

While reasonable minds could differ on whether the trial court should have provided plaintiff an opportunity to "correct" his twice-filed opposition, and whether such an adjournment would prejudice the defense, we cannot conclude that the court's order denying adjournment was "made without a rational explanation, inexplicably depart[ed] from established policies, or rest[ed] on an impermissible basis." Kornbleuth, 241 N.J. at 300-01.

Given our clear standard of review, we discern no abuse of discretion in how the trial court elected to manage its calendar.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1740-24